UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANNAH KIDWELL, a minor child, BILLY
KIDWELL, on behalf of himself, and
TANA KIDWELL, on behalf of herself,

          Plaintiffs,

vs.                                         Case No.  2:05-cv-322-FtM-29DNF

FISHER PRICE, INC., a division of
Mattel Inc., a foreign corporation,

          Defendant.
_____/

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiffs Motion to Remand Case Back to State Court (Doc. #10) filed on July 20, 2005. Defendant filed its Response (Doc. #18) on August 5, 2005. For the reasons set forth below, the motion will be denied.

**I.**

A state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). Such original jurisdiction includes diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of

interest and costs. See 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). On a motion to remand, the party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Thus, the burden of establishing diversity jurisdiction in this case is upon defendant.[1] Furthermore, for the purpose of establishing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961).

**II.**

The Notice of Removal (Doc. #1) provides that the parties are completely diverse because plaintiffs are citizens of the State of Florida and defendant is a non-Florida corporation. Plaintiffs do not contest that the complete diversity of citizenship requirement has been satisfied. Defendant further states that the instant case "is a civil action for damages where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[1] Plaintiffs alternatively argue that the Court lacks subject matter jurisdiction because no federal question exists. Defendant, however, removed the action from the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida on the basis of diversity. As such, the Court finds that plaintiffs' argument is without merit.

costs." (Doc. #1, ¶ 5). In the Motion to Remand, plaintiffs assert that "[t]his Court lacks Subject Matter Jurisdiction because according to the short and plain statement submitted by the Defendant there is no amount stated for each individual Plaintiff reaching the statutory minimum required for the Amount in Controversy." (Doc. #10, p. 7)(emphasis in original omitted). The Court disagrees. In the four-count Complaint, plaintiffs have asked for punitive damages in the amount of $2,000,000.00 for four separate causes of action; for $10,000.00 for fraudulent business practices, for mental and emotional distress, and for other alleged wrongful conduct; and for $100,000.00 for alleged undue stress and nerve related harm intentionally inflicted on plaintiff Billy Kidwell. (Doc. #2, pp. 35-37). The Court finds that the jurisdictional amount requirement for subject matter jurisdiction has been satisfied.[2] While the $2 million may not be reasonable, defendant has clearly shown that the controversy exceeds the $75,000 jurisdictional amount.

Accordingly, it is now

**ORDERED**:

---

[2]Plaintiffs also argue that the Notice of Removal was insufficient because defendant failed to attach all the relevant documents, specifically plaintiffs' response to the Motion to Dismiss. Defendant responds that it did not have possession of plaintiffs' response at the time of removal. Under the circumstances, the Court finds that defendant complied with 28 U.S.C. § 1446.

Plaintiffs Motion to Remand Case Back to State Court (Doc. #10) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of August, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge