UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANNAH KIDWELL, a minor child, BILLY
KIDWELL, on behalf of himself, and
TANA KIDWELL, on behalf of herself,

           Plaintiffs,

vs.    Case No. 2:05-cv-322-FtM-29DNF

FISHER PRICE, INC., a division of
Mattel Inc., a foreign corporation,

           Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion Dismiss and/or Strike and Supporting Memorandum of Law (Doc. #26) filed on September 21, 2005.[1] Plaintiffs filed their Response to Defendant's Motion to Dismiss and/or Strike on October 12, 2005. (Doc. #30). Plaintiffs' Amended Complaint alleges five separate

---

[1] Defendant's motion is entitled Motion to Dismiss and/or Strike; however, the supporting memorandum of law includes arguments for only the motion to strike. Defendant has not provided any argument in support of its motion to dismiss. With respect to the motion to dismiss, the motion fails to comply with United States District Court, Middle District of Florida, Local Rule 3.01(a), which states: "In making any written motion or other application to the Court for the entry of an order of any kind, in civil and criminal cases [ ], the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested." Thus, the Court will address only the merits of the motion to strike, and will deny the motion to dismiss.

causes of action entitled as follows: (1) fraudulent advertising; (2) fraudulent business practices; (3) products liability; (4) fraudulent business tactics by risk management; and (5) ongoing fraudulent business practices.[2]  Defendant argues that Counts II and V should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because these counts are redundant to the Counts I and IV, respectively.

Fed. R. Civ. P. 12(f) provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In looking beyond the titles of the counts, it appears that the Amended Complaint alleges: (1) a claim for misleading advertising (Count I); (2) a claim under the Florida Deceptive and Unfair Trade Practices Act (Count II); (3) a claim for products liability (Count III); (4) a claim for the illegal practice of law (Count IV)[3]; and (5) a claim for breach of contract (Count V).

---

[2]The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. <u>Trawinski v. United Techs.</u>, 313 F.3d 1295, 1297 (11th Cir. 2002).

[3]It is not readily apparent to the Court that Florida courts recognize a cause of action for the illegal practice of law. <u>Sigma Fin. Corp. v. Investment Loss Recovery Servs., Inc.</u>, 673 So. 2d 572, 573 (Fla. 4th DCA 1996)(finding that "the Florida Bar, as the official arm of the supreme court, is exclusively vested with the
(continued...)

Florida courts recognize separate causes of action for (a) misleading advertising and (b) deceptive and unfair trade practices. See Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 495, 498 (Fla. 4th DCA 2001). Moreover, a breach of contract claim is separate and distinct from a claim for the unauthorized practice of law. The Court therefore finds that Counts II (FDUPTA) and V (breach of contract) are not redundant to Counts I (misleading advertising) and IV (illegal practice of law, respectively. The motion to strike Counts II and V is due to be denied.

Accordingly, it is now

**ORDERED**:

Defendant's Motion Dismiss and/or Strike and Supporting Memorandum of Law (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:

---

[3](...continued)
authority to prosecute claims for the unauthorized practice of law."); see also Dade-Commonwealth Title Ins. Co. v. North Dade Bar Ass'n, 152 So. 2d 723 (Fla. 1963)). However, this issue was not raised in the motion.

Counsel of record

Counsel of record